GEORGE W. KILPATRICK *vs.* JUDSON HALL *et al.*

Washington. Decided December 19, 1877.

*Exceptions.*

The court cannot sustain exceptions, unless it affirmatively appear that the party alleging the exceptions was aggrieved by the ruling excepted to.

ON EXCEPTIONS.

TRESPASS, specifying damages $39.

The verdict was for the plaintiff for $17.07; and he alleged exceptions.

*J. H. French*, for the plaintiff.

*G. Walker*, for the defendant.

VIRGIN, J. Trespass for taking and carrying away twenty-eight spruce logs of the alleged value of $24, and five cords of wood, of the value of $15. The jury returned a verdict for $17.07. There is no motion to set aside the verdict; but the case comes up on exceptions to the instruction that, if the jury should find certain facts specified, the defendants, being minors, would not be liable for taking the wood provided they acted by the direction of their mother.

Minors are answerable for their own torts although in the commission thereof they act by the express authority of their parents. *Scott* v. *Watson*, 46 Maine, 362, and cases there cited.

The instruction was clearly erroneous. But to authorize the

court to sustain the exceptions, it must affirmatively appear that the plaintiff was aggrieved by the instruction. *Soule* v. *Winslow*, 66 Maine, 447. This does not appear by the bill of exceptions. The only evidence there was in the case in relation to the trespass, so far as the exceptions show, related to the wood. · No mention is made of any evidence relating to the spruce logs. And if the verdict was based upon the taking of the wood, and nothing appears to the contrary, the plaintiff has a verdict equal to the alleged value of that with interest; and therefore has no cause of complaint.                    . *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.